UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLND
(GREENBELT DIVISION)

**GABRIELA MELENDEZ**
c/o Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910

*Individually and on Behalf of*
*All Others Similarly Situated,*

        **Plaintiff,**

  v.                                                               CASE NO.  8:24-cv-1946

**WET SANDS, INC.**
**D/B/A THE SHOWCASE THEATER**
**11223 Old Baltimore Pike**
**Beltsville, Maryland 20705**

**SERVE:  George Kopp**
**7918 Marietta Drive**
**Hanover, Maryland 21076**

**And**

**GEORGE KOPP**
**501 NW 197th Avenue**
**Pembroke Pines, Florida 33029**

        **Defendants.**

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

---

    1.    This is a collective and class action brought by Plaintiff Gabriela Melendez a/k/a "Scarlett" ("Plaintiff"), individually and on behalf of the members of the proposed classes identified below.

2.  During the period of at least July 5, 2021, through the present ("the relevant period"), Defendants Wet Sands, Inc. ("Wet Sands") and George Kopp ("Kopp") employed Plaintiff and forty (40) or more similarly situated individuals ("the Class Members") to work or perform as exotic dancers within Defendants' Showcase Theater Gentlemen's Club ("the Club") located in Prince George's County, Maryland.

3.  During the relevant period, Defendants uniformly (i) misclassified Plaintiff and the Class Members as a non-employee contractors; (ii) failed to pay Plaintiff and the Class Members minimum wage compensation for hours worked as required by the Federal Fair Labor Standards Act ("FLSA") and the laws of Maryland and Prince George's County, Maryland; and (iii) took, deducted, or assessed mandatory unlawful kickbacks and/or wage deductions from Plaintiff and the Class Members for satisfaction of Defendants' compensation arrangement with the Club's DJ.

## PARTIES, JURISDICTION, AND VENUE

4.  Plaintiff is an adult resident of the State of Maryland.

5.  By acting as the named Plaintiff and affixing her name to the caption in this pleading, Plaintiff provides this Court with written confirmation of her intent to prosecute her individual claims and the claims of other similarly situated individuals against Defendants for recovery of unpaid wages and damages under the FLSA and the laws of Maryland.

6.  Wet Sands is a corporation, formed under the laws of the State of Maryland, with its principal place of business in Prince George's County, Maryland.

7.  Kopp is an adult citizen and domiciliary of the State of Florida.

8.  Throughout the relevant period, Kopp has been the primary owner and President of Wet Sands.

9. Throughout the relevant period, Kopp, individually, has overseen, controlled, and dictated all decisions related to the administration and the day-to-day operations of the Club.

10. Throughout the relevant period, Kopp, individually, was Plaintiff and each Class Member's most senior manager and supervisor while related to Plaintiff and each Class Member's employment relationship as exotic dancers working or performing within the Club.

11. Throughout the relevant period, Kopp, individually, has held full and unfettered power and authority to hire, fire, and otherwise administer employment related discipline against Plaintiff and each Class Member related to Plaintiff and each Class Member's employment relationship as exotic dancers working or performing within the Club.

12. Throughout the relevant period, Kopp, individually, has held full and unfettered power and authority to direct, alter, or modify Plaintiff and each Class Member's work duties or responsibilities related to or arising from Plaintiff and each Class Member's employment relationship as exotic dancers working or performing within the Club.

13. Throughout the relevant period, Kopp, individually, has held full and unfettered power and authority to set or modify Plaintiff and each Class Member's rate, method, and amount of compensation related to or arising from Plaintiff and each Class Member's employment relationship as exotic dancers working or performing within the Club.

14. Throughout the relevant period, Kopp, individually, was in charge of keeping or maintaining all time, compensation, and other employment related documents relating to Plaintiff and each Class Member's employment relationship as exotic dancers working or performing within the Club.

15. Throughout the relevant period, Defendants realized gross annual sales or revenues exceeding $500,000.00.

16. Throughout the relevant period, Defendants purchased, sold, and served beverages, food products, and other consumer goods to Defendants' customers within the Club that were manufactured outside of Maryland and traveled or passed through interstate commerce.

17. Throughout the relevant period, Defendants purchased or utilized bar equipment, cutlery, tableware, and paper goods related to Defendants' operation of the Club that were manufactured outside of Maryland and traveled or passed through interstate commerce.

18. Throughout the relevant period, in carrying out their essential employment duties, Plaintiff and the Class Members performed stage dances and private or semi-private dances within the Club to music that was created and recorded outside of Maryland that was streamed by Defendants through internet providers and cloud-based servers outside the State of Maryland.

19. During the relevant period, Wet Sands and Kopp each qualified as Plaintiff and the Class Members' "employer" or "joint employers" within the meaning of the FLSA, the Maryland Wage Hour Law ("MWHL"), and the Maryland Wage Payment Collection Law ("MWPCL").

20.     This Court has subject matter jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, because this action is brought under the laws of the United States, the FLSA, 29 U.S.C. §201, *et seq*.

21.     The Court has supplemental jurisdiction over Maryland state law claims pursuant to 28 U.S.C. §1367, as these claims are so related to the Federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

22.     Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the District of Maryland, Greenbelt Division, because the acts and omissions giving rise to the claims at bar occurred within Prince George's County, Maryland, and Defendants had substantial, systematic, and ongoing contacts within Prince George's County, Maryland, within the relevant period.

## **CLASS DEFINITIONS**

23.     Plaintiff brings this action on behalf of herself and the Class Members for recovery of earned and unpaid Federal Minimum Wage compensation and unlawfully deducted or assigned fees, charges, and kickbacks under the FLSA, 29 U.S.C. § 216(b). The FLSA Minimum Wage Class is defined as follows:

> All persons who worked or performed as exotic dancers within the Club during the period July 5, 2021, through the date of judgment in this case (hereafter, "the FLSA Minimum Wage Class").

24. Plaintiff brings this action on behalf of herself and the Class Members for recovery of earned and unpaid Maryland Minimum Wage Compensation, Prince George's County, Maryland, Minimum Wage Compensation, and unlawfully deducted or assigned kickbacks under the MWHL and MWPCL pursuant to Fed. R. Civ. P. 23. The MWHL and MWPCL sub-classes are defined as follows:

> All persons who worked or performed as exotic dancers within the Club during the period July 5, 2021, through the date of judgment in this case (hereafter, "the Maryland Classes").

25. The FLSA Minimum Wage Class and the Maryland Classes and/or sub-classes are herein collectively referred to as the "the Classes."

## ALLEGATIONS

26. During the relevant period of at least July 5, 2021, through about June 15, 2024, Defendants employed Plaintiff to work or perform as an exotic dancer within the Club.

27. During the relevant period, Defendants employed forty (40) or more Class Members to work or perform as exotic dancers within the Club.

28. During the relevant period, Defendants misclassified Plaintiff as a non-employee contractor.

29. During the relevant period, Defendants misclassified each Class Member as a non-employee contractor.

30. During the relevant period, Plaintiff qualified as Defendants' employee under the FLSA and Maryland law and Defendants each qualified as Plaintiff's employer or joint employers under the FLSA and Maryland law.

31. During the relevant period, each Class Member qualified as Defendants' employee under the FLSA and Maryland law and Defendants qualified as each Class Member's employer or joint employers under the FLSA and Maryland law.

32. During the relevant period, Defendants employed Plaintiff to work or perform as an exotic dancer within the Club about two (2) to four (4) shifts per week, with each shift lasting between four (4) to six (6) hours.

33. During the relevant period, the exact number of shifts and hours Defendants employed Plaintiff to work or perform as an exotic dancer within the Club varied from week to week.

34. During the relevant period, the exact number of shifts and hours Defendants employed each Class Member to work or perform as an exotic dancer within the Club varied from week to week.

35. During the relevant period, on average, Defendants employed Plaintiff to work or perform as an exotic dancer within the Club for about fifteen (15) hours per week.

36. During the relevant period, Defendants implemented a standardized sign-in, and sign-out procedures and documentation and supervised Plaintiff's exotic dancer job duties within the Club such that Defendants had actual knowledge of all hours Plaintiff worked or performed as an exotic dancer within the Club.

37. During the relevant period, Defendants implemented a standardized sign-in, and sign-out procedures and documentation and supervised each Class Member's exotic dancer job duties within the Club such that Defendants had actual knowledge of all hours each Class Member worked or performed as an exotic dancer within the Club.

38. During the relevant period, Defendants failed to pay Plaintiff any wages for the hours Plaintiff worked or performed as an exotic dancer within the Club.

39. During the relevant period, Defendants failed to pay the Class Members any wages for the hours each Class Member worked or performed as an exotic dancer within the Club.

40. During the relevant period, instead of paying Plaintiff wages for hours worked, Defendants required Plaintiff to pay or assign Defendants a per-shift kickback of between Ten Dollars ($10.00) to Fifteen Dollars ($15.00) that Defendants used for compensating the DJ Defendants employed to work within the Club.

41. During the relevant period, instead of paying the Class Members wages for hours worked, Defendants required each Class Member to pay or assign Defendants a per-shift kickback of between Ten Dollars ($10.00) to Fifteen Dollars ($15.00) that Defendants used for compensating the DJ Defendants employed to work within the Club

42. Prior to the relevant period, Defendants were subject to one or more lawsuits by current or former exotic dancers wherein the current or former exotic dancers alleged FLSA and Maryland minimum wage and/or wage payment violations nearly identical to those alleged in this action by Plaintiff and on behalf of the other Class Members.

43. Arising from Defendants' participation in substantially similar prior litigation, during the relevant period, Defendants had actual knowledge that Defendants' misclassification of Plaintiff and the Class Members as non-employee contractors, failure to pay wages, and charging of Plaintiff and the Class Members per-shift kickbacks or assignments was in direct violation of the FLSA, the MWHL, and the MWPCL.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

44. Plaintiff and the FLSA Minimum Wage Class brings this action on behalf of Class Members that, during the relevant period, worked or performed as exotic dancers within the Club that were (i) misclassified as non-employee contractors; (ii) were not paid wages for hours worked at or above the Federal Minimum Wage rate; and (iii) were subject to unlawful per-shift kickback charges or assignments in violation of the FLSA.

45. As a result of the above unlawful uniform misclassification and compensation practices perpetrated by Defendants to the detriment of Plaintiff and the members of the FLSA Minimum Wage Class during the relevant period, Defendants are now jointly and severally liable to Plaintiff and the members of the FLSA Minimum Wage Class for (i) recovery of earned and unpaid Federal Minimum Wage compensation for all hours Plaintiff and the Class Members worked during the relevant period; (ii) recovery of unlawful kickbacks and assignments paid to Defendants during the relevant period; (iii) statutory liquidated damages; and (iv) attorney's fees and costs.

## RULE 23 CLASS ALLEGATIONS - MARYLAND

46. Plaintiff brings her MWHL and MWPCL Maryland state law claims against Defendants in this action in MWHL and MWPCL sub-classes under FED. R. CIV. P. 23 for violations occurring on or after July 5, 2021.

47. The members of the MWHL and MWPCL sub-classes of the Maryland Classes are readily ascertainable from records in Defendants' possession, custody, or control.

48. The MWHL and MWPCL sub-classes of the Maryland Classes are each so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendants' sole custody control, upon information and belief, there are at least forty (40) members in the MWHL and MWPCL sub-classes Maryland Classes.

49. Plaintiff's MWHL and MWPCL claims of the MWHL and MWPCL claims of the members of the MWHL and MWPCL sub-classes of the Maryland Classes arise from Defendants' (i) class-wide misclassification of Plaintiff and each member of the MHWL and MWPCL sub-classes of the Maryland Classes during the relevant period; (ii) class-wide denial of earned wages at the higher applicable Maryland Minimum Wage or Prince George's County, Maryland, Minimum Wage for all hours worked during the relevant period; and (iii) class-wide taking or deduction of unlawful kickback charges or assignments during the relevant period.

50. Plaintiff's MWHL and MWPCL claims are typical of those claims which could be alleged by any member of the MWHL or MWPCL sub-class of the Maryland Classes and the relief sought is typical of the relief which would be sought by each member of the MWHL and MWPCL sub-classes of the Maryland Classes in separate actions.

51. Plaintiff and the members of the MWHL and MWPCL sub-classes of the Maryland Classes sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures perpetrated by Defendants during the relevant period in violation of the MWHL and the MWPCL.

52.   Plaintiff and Plaintiff's counsel can fairly and adequately protect the interests of the Maryland Classes and has no interests antagonistic to the members of the members of the MWHL or MWPCL sub-classes of the Maryland Classes.

53.   There are questions of fact and law common to the MWHL and MWPCL claims belonging to Plaintiff and the members of the MWPCL and MWPCL sub-classes of the Maryland Classes that predominate over any questions affecting only individual members, such as:

   a) Whether Plaintiff and the members of the Maryland Classes were Defendants' employees under the MWHL and the MWPCL;

   b) Whether Defendants violated the MWHL and the MWPCL by failing to fully and timely pay Plaintiff and the Members of the Maryland Classes direct wages at the higher applicable Maryland Minimum Wage rate or the Prince George's County, Maryland, Minimum Wage rate for all hours worked;

   c) Whether Defendants violated the MWHL and the MWPCL by charging unlawful kickbacks or assignments against Plaintiff and the members of the Maryland Classes each shift worked; and

   d) Whether Defendants' violations of the MWHL and the MWPCL were willful, intentional, the product of good faith, or arose from a *bona fide* dispute by or between Defendants and Plaintiff and the members of the Maryland Classes.

54. A class action divided into MWHL and MWPCL sub-classes is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs bringing claims under the MWHL and/or MWPCL lack the financial resources to vigorously prosecute separate lawsuits in Federal Court, particularly those with relatively small claims.

55. The questions set forth above related to the MWHL and MWPCL claims by Plaintiff and the members of the MWHL and MWPCL sub-classes of the Maryland Classes predominate over any questions affecting only individual persons, and a class action divided into MWHL and MWPCL sub-classes promotes consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the claims.

## **COUNT I**
## **Violation of the Fair Labor Standards Act of 1938 as Amended**

56. Plaintiff, on behalf of herself and the FLSA Minimum Wage Class, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

57. During the relevant period, Defendants qualified Plaintiff and the FLSA Minimum Wage Class's employers or joint employer.

58. As a result of the above alleged practices, during the relevant period, Defendants violated the FLSA by failing to compensate Plaintiff and the FLSA Minimum Wage Class for all hours worked at the Federal Minimum Wage rate.

59. As a result of the above alleged practices, during the relevant period, Defendant violated the FLSA by charging and deducting mandatory unlawful kickback or assignment against Plaintiff and the FLSA Minimum Wage Class for each shift worked.

60. Defendants now owe Plaintiff and each member of the FLSA Minimum Wage Class (i) reimbursement of all unlawful kickback or assignment paid or deducted each shift during the relevant period and (ii) payment of direct wages at the Federal Minimum Wage rate for all hours worked during the relevant period.

61. Prior to and during the relevant period, Defendants had actual or constructive knowledge of the FLSA Minimum Wage and associated FLSA wage payment requirements and Defendants' failure to abide by the same in compensating Plaintiff and the FLSA Minimum Wage Class was willful, knowing, intentional or, at minimum, reckless.

62. Defendants' failure to compensate Plaintiff and the FLSA Minimum Wage Class during the relevant period as required by the FLSA was not the product of good faith on the part of Defendants.

## COUNT II
### Violation of Maryland Law – Unpaid Minimum Wages (MWHL)

63. Plaintiff, on behalf of herself and the members of the MWHL sub-class of the Maryland Classes, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

64. During the relevant period, Defendants qualified Plaintiff and the members of the MWHL sub-class of the Maryland Classes' employers or joint employer under the MWHL.

65. As a result of the above alleged practices, during the relevant period, Defendants violated the MWHL by failing to compensate Plaintiff and the members of the MWHL sub-class of the Maryland Classes for all hours worked at higher of the applicable Maryland Minimum Wage rate or Prince George's County, Maryland Minimum Wage rate.

66. As a result of the above alleged practices, during the relevant period, Defendant violated the MWHL by charging and deducting mandatory unlawful kickbacks or assignments against Plaintiff and the members of the MWHL sub-class of the Maryland Classes each shift.

67. Defendants now owe Plaintiff and the members of the MWHL sub-class (i) reimbursement of all unlawful charges or assignments paid or deducted each shift during the relevant period and (ii) payment of direct wages at the higher applicable Maryland Minimum Wage rate or Prince George's County, Maryland, Minimum Wage rate for all hours worked during the relevant period.

68. Prior to and during the relevant period, Defendants had actual or constructive knowledge of the Maryland Minimum Wage and the MWHL wage payment requirements and Defendants' failure to abide by the same in compensating Plaintiff and the members of the MWHL sub-class of the Maryland Classes was willful, knowing, intentional or, at minimum, reckless.

69. Defendants' failure to properly compensate Plaintiff and the members of the MWHL sub-class of the Maryland Classes during the relevant period as required by the MWHL was not the product of good faith on the part of Defendants.

## COUNT III
### Violation of Maryland Law
### Unlawful Deductions/Failure to Pay Full and Timely Wages
### Required by Maryland Law (MWPCL)

70. Plaintiff, on behalf of herself and the members of the MWPCL sub-class of the Maryland Classes, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

71. During the relevant period, Defendants qualified as Plaintiff and the members of the MWPCL sub-class of the Maryland Classes' employers or joint employer under the MWPCL.

72. As a result of the above alleged practices, during the relevant period, Defendants violated the MWPCL by failing to fully and timely compensate Plaintiff and the members of the MWPCL sub-class of the Maryland Classes all wages earned and due and owing for all hours worked at the higher applicable Maryland Minimum Wage rate or Prince George's County, Maryland Minimum Wage rate, as required by Maryland law.

73. As a result of the above alleged practices, during the relevant period, Defendants violated the MWPCL by charging and deducting mandatory unlawful kickbacks or assignments against Plaintiff and the members of the MWPCL sub-class of the Maryland Classes resulting in unlawful deductions and/or a failure by Defendants to fully and timely pay all wages earned and due and owing for all hours worked.

74. Defendants now owe Plaintiff and the members of the MWPCL sub-class (i) reimbursement of all unlawful kickback charges or assignments paid or deducted each shift during the relevant period and (ii) payment of direct wages at the higher applicable Maryland Minimum Wage rate or Prince George's County, Maryland, Minimum Wage rate for all hours worked during the relevant period.

75. Prior to and during the relevant period, Defendants had actual or constructive knowledge of the Maryland and MWPCL wage payment requirements and Defendants' failure to abide by the same in compensating Plaintiff and the members of the MWPCL sub-class of the Maryland Classes was willful, knowing, intentional or, at minimum, reckless.

76. Defendants' failure to properly full and timely compensate Plaintiff and the members of the MWPCL sub-class of the Maryland Classes earned wages during the relevant period as required by the Maryland law and the MWPCL was not the product of good faith on the part of Defendants or a *bona fide* dispute by or between Defendants and Plaintiff or the members of the MWPCL sub-class of the Maryland Classes.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff requests the following relief:

a) An order designating this action as a collective action on behalf of the Plaintiff and the FLSA Minimum Wage Class and issuance of notices pursuant to 29 U.S.C. § 216(b) to all members of the FLSA Minimum Wage Class;

b) An order certifying this action as a Fed. R. Civ. P. 23 class action on behalf of the proposed MWHL and MWPCL sub-classes of the Maryland Classes;

c) An order designating the Plaintiff as representative of the FLSA Minimum Wage Class and the MWHL and MWPCL sub-classes of the Maryland Classes and appointment of Plaintiff's counsel as counsel for the FLSA Minimum Wage Class and the MWHL and MWPCL sub-classes of the Maryland Classes;

d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

e) An order finding that Defendants violated the FLSA, MWHL, and the MWPCL;

f) An order finding Defendants' violations of the FLSA, MWHL, and MWPCL were not the product of good faith;

g) An order finding Defendants' violations of the FLSA, MWHL, and MWPCL were willful;

h) Judgment in favor of Plaintiff and the members of the FLSA Minimum Wage Class and the Maryland Classes and against Defendants, jointly and severally, equal (i) to all mandatory unlawful kickbacks or assignments paid to Defendants during the relevant period and (ii) payment of direct wages at the applicable minimum wage rate for all hours worked during the relevant period.

i) An award in favor of Plaintiff and the members of the FLSA Minimum Wage Class and the Maryland Classes and against Defendants, jointly and severally, in the full amount of all available liquidated damages and penalties as provided under the FLSA, MWHL, and MWPCL;

j) An award in the amount of all costs and attorneys' fees incurred in prosecuting these FLSA, MWHL, and MWPCL claims; and

k) Such further relief as the Court deems just and equitable.

Dated this 5th day of July 2024             Respectfully submitted,

                                            ZIPIN, AMSTER & GREENBERG, LLC

                                            ___/s/ Gregg C. Greenberg_____
                                            Gregg C. Greenberg
                                            Maryland Federal Bar No. 17291
                                            8757 Georgia Avenue, Suite 400
                                            Silver Spring, Maryland 20910
                                            Telephone: 301-587-9373
                                            Fax: 240-839-9142
                                            Email: ggreenberg@zagfirm.com

                                            *Counsel for Plaintiff and the Classes*